IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

CHRISTOPHER WESTON                                                       PLAINTIFF

v.                   Civil No. 4:13-cv-04105

FACILITY; TONY YOKEN; and
OFFICER DERRICK BUNNS                                        DEFENDANTS

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Christopher Weston filed this case *pro se* pursuant to 42 U.S.C. § 1983 on October 31, 2013. ECF No. 1. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States District Judge, referred this case to the undersigned for the purpose of making a report and recommendation.

The case is before me for preservice screening under the provisions of the Prison Litigation Reform Act. Pursuant to 28 U.S.C. § 1915A, the Court shall review complaints in civil actions in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

I.     BACKGROUND

At the time he filed his Complaint, Plaintiff was an inmate of the Hempstead County Detention Center ("HCDC") in Hope, Arkansas. Plaintiff's address of record indicates he is still incarcerated in the HCDC.

In Plaintiff's Complaint, he names Officer Derrick Bunns and Judge Tony Yoken as Defendants. Plaintiff alleges Judge Yoken found him guilty of charges in 2004 (public

1

intoxication), 2010 (driving on suspended license and "terroristic threatening"), and 2013 (driving on suspended licenses). Plaintiff claims Judge Yoken had a conflict of interest and committed professional misconduct during these three criminal cases against Plaintiff by: (1) allowing in evidence of his past criminal history at trial; (2) taking certain testimony from witnesses at trial; and (3) allowing Plaintiff to be questioned inappropriately during trial. ECF No. 1, p. 7.

Additionally, in his Addendum, Plaintiff lists as Defendants X. Bland, X Stone, A. Courtney, D. Muldrew, J. Godbolt, D. Glover, A. Biddle, Sheriff Crane, Chief J.B. Wilson, K. Tomlinson, and X. Coranada. ECF No. 6, p. 2. Plaintiff, however, does not provide any allegations against these individuals other than claiming they were guilty of "unprofessional conduct." ECF No. 6, p. 2.

Plaintiff also states in his Addendum that he is alleging official capacity claims against Defendants but makes no factual allegations in support of this claim. ECF No. 6. Later in his Addendum, however, Plaintiff claims that "HCDF is manipulating moneys from inmates accounts by charging for these hygiene products and using the money for personal use." ECF No. 6, p. 5. Plaintiff, however, fails to allege he is being denied hygiene products or is harmed in any way by this alleged conduct. ECF No. 6, p. 5.

Finally, Plaintiff makes several claims in his Supplement to his Addendum including claims relating to an arrest in May 2002, an arrest in May 2008, and an arrest in March of 2010. In all of these claims, Plaintiff appears to question the validity of his arrest and convictions.[1] ECF No. 9, pp. 1-3.

---

[1] Plaintiff makes additional claims in his Complaint, Addendum, and Supplement to Addendum which the Court does not address here because such claims will proceed.

## II.   APPLICABLE LAW

Pursuant to the screening provisions of the PLRA, the Court must determine whether the causes of action stated in Plaintiff's Complaint (1) are frivolous or malicious, (2) fail to state claims upon which relief may be granted, or (3) seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915(A).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that a defendant, acting under color of state law, deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

## III.   DISCUSSION

### A.   Judicial Immunity

Judge Yoken is immune from suit under section 1983.  Judges are generally immune from lawsuits.  *See Mireles v. Waco*, 502  U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994) (judges are generally immune from suit for money damages); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability.").  Judicial immunity is only overcome in two situations:  (1) if the challenged act is nonjudicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction.  *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction")

(internal citations omitted). Plaintiff has failed to allege any action by Judge Yoken that was nonjudicial or taken without jurisdiction. Accordingly, Judge Yoken is immune from suit and Plaintiff's claims against him fail as matter of law.

    B.    <u>Failure to state a claim</u>

While Plaintiff listed X. Bland, X Stone, A. Courtney, D. Muldrew, J. Godbolt, D. Glover, A. Biddle, Sheriff Crane, Chief J.B. Wilson, K. Tomlinson, and X. Coranada as Defendants he failed to make any factual allegations against any of them. Accordingly, Plaintiff failed to state cognizable claims under section 1983 against these Defendants.

    C.    <u>Official capacity</u>

Plaintiff states in his Addendum that he is suing Defendants in both their official and individual capacities. Under Section 1983, a defendant may be sued in either his individual capacity, or in his official capacity, or in both. In *Gorman v. Bartch,* the Eighth Circuit Court of Appeals ("Eighth Circuit") discussed the distinction between individual and official capacity suits. As explained by the *Gorman* case:

> Claims against government actors in their individual capacities differ from those in their official capacities as to the type of conduct that is actionable and as to the type of defense that is available. *See Hafer v. Melo,* 502 U.S. 21, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Claims against individuals in their official capacities are equivalent to claims against the entity for which they work; they require proof that a policy or custom of the entity violated the plaintiff's rights, and the only type of immunity available is one belonging to the entity itself. *Id.* 502 U.S. at 24–27, 112 S.Ct. at 361–62 (1991). Personal capacity claims, on the other hand, are those which allege personal liability for individual actions by officials in the course of their duties; these claims do not require proof of any policy and qualified immunity may be raised as a defense. *Id.* 502 U.S. at 25–27, 112 S.Ct. at 362.

*Gorman,* 152 F.3d 907, 914 (8th Cir.1998). Plaintiff's explanation in his Addendum of his official capacity claims fail to state any policy or custom of Hempstead County that caused his constitutional rights to be violated. "[R]igorous standards of culpability and causation must be

applied to ensure that the [county] is not held liable solely for the actions of its employee" in cases where a plaintiff claims a county has caused an employee to violate the plaintiff's constitutional rights. *Board of County Commissioners, Oklahoma v. Brown,* 520 U.S. 397, 405 (1997). Further, a claim of deprivation of a constitutional right cannot be based on a *respondeat superior* theory of liability. *See Monell v. Department of Social Services,* 436 U.S. 654, 694 (1978). In other words, Hempstead County cannot be held liable based merely on the fact it employs Defendants.

Plaintiff does allege, however, that the HCDC is withdrawing money from inmates accounts to pay for hygiene products but not using the money for such products.[2] The Court could construe this claim as an official capacity claim, however, such a construction would be futile as Plaintiff has failed to allege he was actually denied hygiene products or that the HCDC withdrew money from his account and misused it. Further, Plaintiff fails to allege he was harmed in any way relating to his hygiene product claim.

Plaintiff's hygiene product claim is construed as one challenging his conditions of confinement. "[W]hen the State takes a person into its custody and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *County of Sacramento v. Lewis,* 523 U.S. 833 (1998) (citation omitted). The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones. *See Farmer v. Brennan,* 511 U.S. 825, 832 (1994).

The Eighth Amendment to the United States Constitution prohibits the imposition of cruel and unusual punishment. U.S. Const. amend. VIII. *See Butler v. Fletcher,* 465 F.3d 340, 345 (8th

---

[2] The Court notes Plaintiff made this allegation in his Court prepared addendum but not in response to the question relating to official capacity claims.

5

Cir. 2006)(deliberate indifference standard of the Eighth Amendment applies to all claims that prison officials failed to provide adequate food, clothing, shelter, etc.). The Eighth Amendment also prohibits punishments that deprive inmates of the minimal civilized measure of life's necessities. *Smith v. Copeland,* 87 F.3d 265, 268 (8th Cir. 1996); *see also Hall v. Dalton,* 34 F.3d 648, 650 (8th Cir.1994)("[I]n this circuit, the standards applied to Eighth Amendment and Fourteenth Amendment claims have been the same.").

A prisoner alleging an Eighth Amendment violation must prove both an objective and subjective element. *See Revels v. Vincenz,* 382 F.3d 870, 875 (8th Cir.2004)(*citing Wilson v. Seiter,* 501 U.S. 294, 298 (1991)). "The defendant's conduct must objectively rise to the level of a constitutional violation by depriving the plaintiff of the minimal civilized measure of life's necessities. The defendant's conduct must also reflect a subjective state of mind evincing deliberate indifference to the health or safety of the prisoner" *Revels,* 382 F.3d at 875 (citations and internal quotation marks omitted). Deliberate indifference is established when the Plaintiff shows "the defendant was substantially aware of but disregarded an excessive risk to inmate health or safety." *Revels,* 382 F.3d at 875. The standards against which a court measures prison conditions are "the evolving standards of decency that mark the progress of a maturing society." *Estelle v. Gamble,* 429 U.S. 97, 102 (1976).

Plaintiff made no allegation that he was denied any hygiene products much less that he was denied the minimal civilized measure of life's necessities. Further, Plaintiff failed to allege he was harmed or injured in any way from the alleged conduct. Accordingly, Plaintiff's claim regarding hygiene products fails to state a cognizable claim under section 1983.

      D.      <u>2002, 2008, and 2010 Arrest Claims</u>

Section 1983 does not contain its own statute of limitation. Instead, causes of action under section 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987) (section 1981 case). *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985) (section 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996) (section 1985 case). In Arkansas, this is the three year personal injury statute of limitations, Ark. Code Ann. 16-56-105(3). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(Ark. Code Ann. § 16-56-105(3) is the statute of limitations applicable to section 1983 cases). Thus, Plaintiff's claims based on events that occurred in May 2002, May 2008, and March 2010 are barred by the statute of limitations.

Furthermore, Plaintiff may not use section 1983 to challenge arrest, convictions, or imprisonment. Here, the Plaintiff's claims regarding his 2002, 2008, and 2010 arrest challenge each of these arrests or convictions as illegal. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck,* 512 U.S. at 486–87. Plaintiff did not assert that his convictions relating to these arrest have been set aside or otherwise held invalid, and therefore, Plaintiff has not stated a cognizable claim under section 1983.

IV.   **CONCLUSION**

For the foregoing reasons, I recommend that Plaintiff's claims (1) against Judge Yoken, (2)

7

against X. Bland, X Stone, A. Courtney, D. Muldrew, J. Godbolt, D. Glover, A. Biddle, Sheriff Crane, Chief J.B. Wilson, K. Tomlinson, and X. Coranada; (3) all of his official capacity claims; and (4) all claims relating to arrests made in May 2002, May 2008, and March 2010 be **DISMISSED** without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) and 1915A(a). This leaves for further resolution Plaintiff's individual claims against Officer Bunns for use of excessive force. The issue of service will be addressed by separate order.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED this 19th day of December 2013.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE

8